UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HERBERT SMYCZEK, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 25-1047 (JXN)(JSA)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

　　Before the Court is *pro se* Plaintiff Christopher Johnson's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court will grant him leave to proceed *in forma pauperis* ("IFP") and will order the Clerk of the Court to file the Complaint. The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

　　Plaintiff, a pretrial detainee confined in Hudson County Correctional Center ("HCCC") in Kearny, New Jersey, filed his Complaint in this matter seeking to raise claims against (1) Doctor Herberst Smyczek ("Smyczek"); (2) Doctor Stevens ("Stevens"); and (3) Nurse Calypso ("Calypso"). (ECF No. 1 at 4-5.) The Court construes the Complaint as raising a Section 1983

claim for Fourteenth Amendment deliberate indifference to Plaintiff's medical needs against Defendants.

The Complaint alleges that upon Plaintiff's arrival at HCCC on October 21, 2024, he informed Defendant Calypso that he had surgery on his hand and wrist and was currently prescribed pain medications, gabapentin, and methocarbamol, and was receiving physical therapy. (*Id.* at 6-7.) Plaintiff alleges that Defendant Calypso informed Plaintiff that he would receive his pain medications and physical therapy. (*Id.* at 7.) However, Defendant Calypso failed to order the pain medication or physical therapy. (*Id.*) Plaintiff claims that the next day, he spoke with Defendant Smyczek, explaining the amount of pain that Plaintiff was in. (*Id.*) Defendant Smyczek again informed Plaintiff that he would order his pain medication. (*Id.*) Plaintiff claims that he did not receive his prescribed pain medication or physical therapy, so he filed requests on the kiosk on November 19 and 23, 2024. (*Id.* at 8.) On November 28, 2024, Plaintiff saw Defendant Stevens, who noted that Plaintiff's hand was swollen. (*Id.*) Plaintiff claims that Defendant Stevens informed Plaintiff that he would order his pain medication and would send him to Jersey City Medical Center regarding his hand, neither of which happened. (*Id.*) Plaintiff filed several requests on the kiosk throughout December 2024 and has still not received his pain medication or physical therapy. (*Id.* at 9.)

The Court has screened the Complaint and has determined that it shall proceed against Defendants. A pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment, rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Nevertheless, the United States Supreme Court has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v.*

*Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Thus, in the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.*

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle*, 429 U.S. at 103–04. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

Plaintiff's Fourteenth Amendment denial of medical care claim is based on his allegations that he informed Defendants that he had been prescribed pain medication and physical therapy post-wrist surgery, and Defendants repeatedly failed to provide medical treatment. As such, Plaintiff's claims against Defendants shall proceed. Accordingly,

**IT IS** on this 31st day of March 2025,

**ORDERED** Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** that the Complaint shall be filed; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Hudson County Correctional Center; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; it is further

**ORDERED** that Plaintiff's Complaint shall **PROCEED**; it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); it is further

**ORDERED** that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

**JULIEN XAVIER NEALS**
**United States District Judge**